## City of Williamsport *versus* Brown.

The Act of 1st of April 1872, limiting the rate of taxation for city purposes in the Seventh Ward of the city of Williamsport, and classifying lands subject to this tax, is not inconsistent with the provisions of the Act of May 23d 1874, relating to cities, and not repealed by the latter act.

June 4th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Lycoming county*: Of May Term 1877, No. 111.

Assumpsit by Adam C. Brown against the city of Williamsport, wherein the following case was stated for the opinion of the court:—

The city of Williamsport was incorporated by an Act of Assembly of the 15th of January 1866.

By a supplement to said act, approved the 22d day of March 1870, the authorities of said city were authorized " to levy and assess upon the valuation of all taxable property for county purposes," an amount not exceeding four per cent., in one year, for city purposes.

On the 1st of April 1872, a further supplement to said act of incorporation was approved, which provided: " That it shall be the duty of the assessor of the Seventh Ward of the city of Williamsport, immediately after the annual assessment in each year, to certify to the city council a list of the assessments of all lands in said ward which are used as farms, and from which no portion has been sold during the preceding year for the purpose of laying out building lots; and it shall be the duty of the council in determining the rate of taxation for each year for city purposes to assess a tax on the lands embraced in the list aforesaid equal to one-third of the highest rate of taxes required to be assessed for the purpose aforesaid, for said year and no more, and all other real estate in

[City of Williamsport v. Brown.]

said Seventh Ward a tax equal to three-fourths of the highest rate of taxes as aforesaid.''

On the 3d of January 1876, the city council adopted the provisions of an Act of Assembly, approved the 23d day of May 1874, entitled '' An act dividing the cities of this state into three classes, * * * and providing for the incorporation and government of cities of the third class.''

On the 4th of February 1876 the governor issued letters patent, whereby he certified the surrender of the former charter and the acceptance of the provisions of the aforesaid Act of Assembly, and declaring that from the date of such certificate the said city should be governed, controlled and regulated by and under the provisions of the aforesaid act.

On the 1st of June 1876 an ordinance was passed by the city council, entitled an ordinance assessing city taxes for the year 1876, which said ordinance provides '' that there shall be assessed and levied for general revenue purposes, for the year 1876, ten mills on the dollar on the assessed valuation on all the real, personal and mixed property within the limits of said city, taxable according to the laws of the state of Pennsylvania,'' and providing, in addition thereto, that '' there shall be assessed for the payment of loans to support the government of said city, and for making the necessary improvements therein, one per centum upon the assessed valuation on all persons, real and personal property, and all other matters and things within said city taxable for state and county purposes.'' In addition to the foregoing provisions, the said ordinance provides that '' there shall be levied upon the assessed valuation of the taxable property of said city, one mill upon the dollar of such valuation, to be called the sinking-fund tax, to be applied to the redemption of the funded debt of said city.''

The said ordinance further provides that '' there shall be levied and assessed, in addition to the amount above specified, on all taxable property within said city, five mills on the dollar of the valuation thereof, for the payment of interest on the funded debt of said city.''

The plaintiff is the owner and occupant of fifty-two acres of land in the Seventh Ward of said city, used by him exclusively for farming purposes, '' and from which no portion has been sold during the preceding year for the purpose of laying out building lots.'' This property was assessed for county purposes, for the year 1876, at the sum of $1472.

By virtue of the above recited ordinance, the city authorities of the said city have levied, for general revenue purposes for the year 1876, the sum of $14.72 on the valuation of the land aforesaid; $14.72 for the payment of loans and making improvements in said city, $1.47 for the purposes of a sinking fund, and $7.36 for the payment of interest on the funded debt of said city; amounting in

all to the sum of $38.27, being the uniform rate throughout said city.

The said plaintiff has paid one-third of the taxes thus levied upon his property, to wit, $12.25, voluntarily, and the remaining two-thirds, to wit, the sum of $25.52 cents, the said plaintiff has paid to the city treasurer under protest, to prevent a levy and sale of his property.

If the court should be of opinion that the full rate of taxation was illegally levied upon the said real estate of the plaintiff, then judgment to be entered in favor of the plaintiff for $25.52 and costs. If of a contrary opinion, then judgment to be entered in favor of the defendant for costs.

The court, Gamble, P. J., entered judgment for the plaintiff in an opinion, *inter alia*, saying:—

" It is claimed, that inasmuch as this Act of 1872 is entitled a supplement to the charter of the city, it thus constituted a part of the same, and was surrendered and ceased to have any force or effect, upon the acceptance by the city of the Act of the 23d of May 1874, commonly known as the ' Wallace law.' Without stopping to inquire whether the Act of 1872 can be properly regarded as a part of the charter of the city, but granting for the present that it may be so considered, it must be shown to be *inconsistent* with the provisions of the Act of 1874, or else it is preserved by the express terms of the section providing for the acceptance of that law, and the surrender of the former charter. That section provides that no such acceptance of the act shall be construed to be a *repeal* or *surrender* of any rights, powers, privileges and franchises, heretofore by law conferred on such city, *not inconsistent* with the provisions of this act.

" It is argued with force and ability that the special provisions of the Act of 1872, as noted in the ' case stated,' *are inconsistent* with the first clause of the 20th section of the Act of 1874.

" There is no apparent inconsistency in the letter or spirit of these acts ; the one specifies the maximum rate of taxation per annum on all real and personal property within the limits of the city, taxable according to the existing laws of the state : the valuation to be taken from the assessments under the provisions of law regulating the same. The other requires all the real estate of the Seventh Ward to be assessed and returned for taxation, with a certificate designating such lands as are used exclusively as farms, which shall be taxed at a rate equal to one-third of the highest rate of taxes to be assessed for city purposes for the current year. This is simply a mode or means of fixing a valuation on the farm land, for the purposes of taxation for city purposes, so as to cause the burden to bear an equitable and fair relation to the advantages derived from the city government. Such is the purpose of the Act of 1872, as declared in the preamble.

[City of Williamsport v. Brown.]

" Instead of repealing the existing laws regulating the mode of assessment, the Act of 1874 expressly provides that the valuation for the purposes of taxation shall be taken from the assessments made under existing laws regulating the same."

The entry of judgment for plaintiff was the error assigned by the city.

*Henry W. Watson,* for plaintiff in error.—The Act of 1872 was a part of the former charter of the city which her councils by the acceptance and adoption of the Act of 1874 surrendered. It is further contended that the provisions of the two acts are repugnant.

Even if the Act of 1875 was not accepted by the city is not the division or classification of the property subject to tax into three classes a legislative declaration that all property of any city which has accepted the Act of 1874 shall be taxed equally and in the same proportion on its assessed valuation? The Act of 1872 by its terms applies only to the " Seventh Ward," and is consequently in violation of sect., 1 art. 9 of the Constitution: Pittsburgh *v.* Roup, 1 W. N. C. 254.

*S. T. & H. C. McCormick* and *H. H. Cummin,* for defendant in error.—There is nothing in the general city law inconsistent with the provisions of the Act of April 1st 1872, Pamph. L. 705. On the contrary, it is provided in clause 1 of section 20 that the city shall levy and collect taxes for city purposes under the provisions of existing laws regulating the same. To repeal an act impliedly, it must be so clearly repugnant with the act to be repealed, that they cannot stand together: Dickinson *v.* Dickinson, 11 P. F. Smith 405. The constitutionality of the Act of 1872 is sustained by Lehigh Iron Co. *v.* Supervisors of Lower Macungie Township, 31 P. F. Smith 482.

The judgment of the Supreme Court was entered, June 18th 1877,

PER CURIAM.—We think the Act of 1st April 1872, limiting the rate of taxation for city purposes in the Seventh Ward of the city of Williamsport and classifying lands subject to the tax is not inconsistent with the provisions of the Act of May 23d 1874, Pamph. L. 230, relating to cities, commonly called the " Wallace law;" but can well stand with the latter. It affords a very just means of regulating taxation. The power to classify the subjects of taxation still remains under the new constitution: Kittanning Coal Co. *v.* Commonwealth, 29 P. F. Smith 100.

Judgment affirmed.