## Appeal of Hewitt et al.

1. An Act of Assembly extending the limits of a municipal corporation, and subjecting the property thereby included to taxation, is clearly within the legislative power, and the wisdom or discretion of its exercise cannot be interfered with by the courts, unless it has been so grossly perverted as to be a manifest violation of the Constitution.

2. An authority given to the city of Allegheny to impose municipal taxes upon all lands within a certain district, although from their rural or suburban character they can receive no appreciable benefit therefrom, is not such a violation.

3. Where a tax is alleged to be illegal and the complainants have a full and adequate remedy at law, a bill in equity will not lie to restrain its collection.

4. Where the General Assembly had the antecedent power to levy a tax, it can by a retroactive law cure any irregularity or want of authority in the person levying the same.

5. Kelly v. City of Pittsburgh, 4 Norris 170, followed.

November 8th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1877, No. 193. In Equity.

Appeal of William B. Hewitt and others, from the decree of the court dismissing their bill praying for an injunction to restrain the city of Allegheny from collecting certain municipal taxes levied by said city upon the lands of complainants.

The bill set forth that the complainants were severally owners of lands in the Tenth Ward of the city of Allegheny, which lands, inter alia, were by an Act of Assembly of the 10th of March 1871, erected into the North End District, adjoining the city of

Allegheny, out of Reserve and McClure townships, and by a resolution of councils, adopted the 21st March 1873, in pursuance of the 8th section of said act, annexed to said city.  That said lands were not then nor are they now improved city property, but are suburban and rural lands, used as farms, dairy farms, garden lands, and rural residences, with large tracts and lots attached.

That on or adjacent to the plaintiffs' lands there are no city improvements; no graded streets, alleys or sewers, and there is no city plan of lots subdividing said tracts.  That there are no graded streets in said ward, and no roads excepting two old township roads and the turnpike and plank-roads, the latter belonging to incorporated companies.  That there are no water or gas-mains in or near the plaintiffs' lands, and no police protection there; no city conveniences; and, in return for taxes collected, there are no appreciable benefits enjoyed or conferred, beyond what accrued to the plaintiffs' lands before they were annexed to said city; being situate from one to three miles distant from the city line, where it was before annexation on the 21st day of March 1873, when the said district was, on petition of lot-owners, by resolutions of council, taken into said city.

The bill then set forth the character and uses of the lands of the several complainants, and the amounts of the valuations thereof and taxes for 1876, and averred:

That all of said taxes so levied for the year 1876 are now due, and payment thereof is demanded by authority of said city, and that said taxes are illegally levied and the collection thereof from the plaintiffs is contrary to equity and the provisions of the Constitution of the Commonwealth of Pennsylvania, prohibiting the taking of private property for public use without rendering due compensation therefor, said taxes being a prior lien on said lands, on which the same may be sold on execution for non-payment thereof.

That said park tax is specially illegal and unjust, being levied and collected pursuant to the provisions of the Act of Assembly, approved the 26th day of March 1867, entitled "An Act authorizing and providing powers and means for the conversion of the common grounds of the city of Allegheny into parks," sections seven, eight and nine of which act relate specially to the assessment, levying and collection of said park tax, and printed in the appendix to this bill as part of it.  That pursuant to said act park commissioners were duly appointed by the councils of said city, who proceeded to convert the common grounds in said city, in the years 1867 and 1868, into public parks, and, inter alia, did, under the sections thereof aforementioned, cause plans of the city as it then was to be furnished by the recording regulator, with the lots and their size marked thereon, as in the eighth section of said act is directed, and the said commissioners then did assess on the lots and lands within the boundaries of said city, an amount equal to the interest on bonds

[Hewitt's Appeal.]

issued for said park improvement, and payable the first year thereafter, and twenty thousand dollars in addition thereto, as by the seventh section of said act directed, and, it is believed, the said commissioners prepared a schedule of assessments so made, graduating the amounts to be paid by the several classifications of property in said city at said date, which said taxes in the year 1869 were collected by the treasurer of said city. That the plans and schedules aforesaid at said date, to wit, on the first day of January 1869, did not include any part of the plaintiffs' said lands, or Tenth Ward aforesaid, and that under the provisions of the act aforesaid, the said commissioners, having made their first assessment of said tax according to the plans and schedules aforesaid, and returned the same for collection to the treasurer of said city, as was done prior to said first day of January 1869, could not lawfully thereafter enlarge the plans and basis of assessments, or extend the same over lands thereafter annexed to said city; neither could the treasurer of said city include in his assessments land annexed to the city after the first assessment made by the commissioners aforesaid, and extend said assessment over the lands of the plaintiffs annexed to said city in the year 1873. That under the provisions of said act the plaintiffs' said lands cannot be legally assessed with said tax, inasmuch as the turnpike and plank-roads aforesaid owned by incorporated companies aforesaid, to wit: the Allegheny and Perrysville Plank-road Company, and the Saw-mill Valley Plank Company, are not streets of said city, and further because the said tax is not assessed on the foot frontage of plaintiffs' lands on the streets, lanes and alleys of said city, but upon each tract, lot or farm at ———— per acre, without regard to the frontage thereof. And that they are informed and believe, that the tax aforesaid, assessed for park purposes for the year 1876, was not assessed by the treasurer of said city in accordance with said act, but that the amount of said tax to be collected was returned to him for collection with other city taxes, and that the pretended assessment thereof is illegal and void under any aspect of the case.

The bill also averred, that the complainants had severally paid to the defendant city, poor, park and sewer taxes for 1873, 1874 and 1875, under said assessments, and claimed the right to recover back these, together with the taxes of 1876, and prayed for an account of said taxes, and that a master might be appointed to state the same. The bill also prayed for an injunction to restrain the collection of said taxes.

The answer of defendant averred, that since North End was annexed, water-mains had been laid in parts of said territory, and streets graded, at an outlay of $80,000, and that gas-mains were laid by a private company; denied that said district was illegally annexed, averring that said plaintiffs had repeatedly voted at city elections in said ward since annexation, and that one of said com-

[Hewitt's Appeal.]

plainants had been a councilman from said ward, and another an election officer therein; that the park tax of 1876 was assessed by the city assessor and adopted by the treasurer.    To all the rest of the bill the defendants demurred, alleging that the complainants were not entitled to the relief prayed for, because the bill did not set forth any matter cognisable in equity.

The court sustained the answer and demurrer, and dismissed the bill of complainants with costs, which action was the error assigned.

*Alexander M. Watson* and *Thomas M. Marshall*, for plaintiffs in error.—The lands of the complainants are rural lands, not divided into lots or adapted to city purposes, and enjoy no appreciable benefits from the enlargement of the city limits so as to embrace them.    The power of the legislature to impose taxes is limited to such property as receives the benefit of its protection, and an act authorizing the imposition of a tax beyond those limits is unconstitutional, and is taking private property for public use, without due compensation therefor: Hammet *v.* Philadelphia, 15 P. F. Smith 149; Sharpless *v.* Philadelphia, 9 Harris 174; Pittsburgh, Fort Wayne and Chicago Railway Co. *v.* Commonwealth, 16 P. F. Smith 73; Durach's Appeal, 12 Id. 491; Washington Avenue, 19 Id. 352; Chaney *v.* Hooser, 9 B. Mon. 342; City of Covington *v.* Southgate, 15 Id. 494; Morford *v.* Unger, 8 Iowa 85; Sharp *v.* Dunavun, 17 B. Mon. 223; Watters *v.* Shields, 2 Metc. 253; Arbegust *v.* Louisville, 2 Bush 271; Swift *v.* Newport, 7 Id. 37; Henderson *v.* Lambert, 8 Id. 609; Langworthy *v.* Dubuque, 13 Iowa 86; Fulton *v.* Davenport, 17 Id. 404; Deeds *v.* Sanburn, 26 Id. 419; Buél *v.* Ball, 20 Id. 282; O'Hara *v.* Dubuque, 22 Id. 144; Davis *v.* Dubuque, 20 Id. 458; Deiman *v.* Fort Madison, 30 Id. 542.    The case of Kelly *v.* Pittsburgh, 4 Norris 170, introduced all the authorities bearing on the constitutional question involved in this case, and renders an extensive quotation of the various decisions unnecessary.    These lands are essentially country property, and in the ordinary development of the city may not become, in fact, city property in the next fifty years.    Portions of them may in time become urban lots, but large tracts must continue to be uncultivated, and pasture lands for all time.

*W. B. Rodgers* and *J. F. Slagle*, for appellee.—The Supreme Court will not interfere with the legislature in the exercise of its power of taxation, unless its exercise is so grossly perverted as to be a plain violation of the constitution: Braddee *v.* Brownfield, 2 W. & S. 277; Sharpless *v.* Mayor of Philadelphia, *supra;* Hilbish *v.* Catherman, 14 P. F. Smith 159; Pennsylvania Railroad Co. *v.* Riblet, 16 Id. 169; Kirby *v.* Shaw, 7 Harris 260; Schenley *v.* City of Allegheny, 1 Casey 128; Speer *v.* Blairsville, 14 Wright 162; Walker *v.* Cincinnati, 21 Ohio 41; Goff *v.* Mayor of Frederick, 16 Am. L. Reg. 373.

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

The object of this bill was to restrain the collection of municipal taxes levied on lands of the complainants. The territory in which these lands are situate, was annexed to, and brought within the city of Allegheny, under the Act of 10th March 1871, Pamph. L. 304. The eighth section of the act declares " that when, at any time, the two-thirds of the property holders of said district shall petition the councils of said city to be admitted into and become a part thereof, such described territory may be admitted into said city by resolution of the councils thereof, and shall thereafter be subject to all laws and ordinances governing the same." In pursuance of the act and according to its provisions, more than two-thirds of the property owners of the district, then called "North End," petitioned the councils of the city to be admitted into and become a part of the same. By resolution of the councils and proclamation of the mayor, the district was duly admitted into said city. That the substantial forms of law were complied with, cannot be successfully denied. The slight technical objections made are insufficient to affect the regularity of the proceedings annexing the territory. In fact, they were not pressed on the argument. The strong ground of objection was, that the territory was not improved city property, but was composed of suburban and rural lands; and that "the lands and occupants thereof enjoy no city conveniences; and in return for the taxes levied and collected, they receive no appreciable benefits, beyond what they enjoyed before." Therefore it is claimed that the taxes are illegally assessed, and the collection of them is contrary to equity and the provisions of the Constitution of the Commonwealth, prohibiting the taking of private property for public use without rendering due compensation therefor.

All the objections made to municipal taxes, levied on property of like character, were most carefully considered, after being twice argued, in the recent case of Kelly v. City of Pittsburgh, 4 Norris 170. The authorities on which the counsel for the appellant now relies, were there cited and examined. This court, nevertheless, held the taxes valid. The conclusion at which we then arrived, remains unshaken. It is unnecessary to repeat the many sound reasons therefor, given in the opinion of our brother GORDON. Any other conclusion would be a denial of that discretion which the Constitution gives to the legislature. An act extending the limits of a municipal corporation, and subjecting the property thereby included, to taxation, is clearly within legislative power. Its wisdom or discretion we cannot review. Possessing the whole taxing power, we cannot interfere with its exercise unless it be so grossly perverted as to be in manifest violation of the Constitution. The authority to the city, to impose municipal taxes, on all the lands within the district in question, is no such violation.

It is urged that the park tax is so irregular as to be invalid.

[Hewitt's Appeal.]

Conceding the illegality alleged in regard to it, yet the complainants have a full and adequate remedy at law, and, therefore, a bill in equity to restrain its collection should not be entertained. A further answer to that part of the bill is this. The 3d sect. of the Act of 25th March 1878, cured all irregularities and defects in the taxes theretofore levied for park purposes. If the legislature has antecedent power to levy a tax, it can, by a retroactive law, cure an irregularity, or want of authority in the persons levying it: Grim *v.* Weissenberg School District, 7 P. F. Smith 433. So a statute which makes valid a municipal ordinance, void for want of jurisdiction, and the contract made under it, is constitutional: Commonwealth *v.* Marshall, 19 Id. 328. The learned judge committed no error in dismissing the bill.

> Decree affirmed, and appeal dismissed at the costs of the appellants.

Chief Justice AGNEW and Justice TRUNKEY dissented.