## Jacoby *v.* Lehigh County, Appellant.

*Municipal contract—Contract—County commissioners—Plans and specifications for a building.*

In an action against a county to recover under an alleged contract of employment to prepare plans and specifications for a heat and power plant, it appeared that the plaintiffs, who were architects, were summoned in some way to the county commissioner's office when the commissioners were all present at their regular meeting. The plaintiffs testified that at this meeting they suggested a preliminary plan, and that two of the commissioners gave specific directions for them to proceed with its preparation. The other commissioner although present said nothing. At a second regular meeting a week afterwards the same two commissioners who had previously acted passed upon a preliminary plan which was submitted, and authorized the preparation of a detailed plan and specifications which could be submitted to bidders, and such plan and specifications were prepared. This testimony was denied in some essential particulars by the commissioners, although even from the testimony of the commissioners it could be deduced that a plan and estimate were ordered by them from the plaintiffs. No entry of the transaction was made in the minutes kept by the clerk of the commissioners. *Held*, (1) that the case was for the jury, and that a judgment and verdict for the plaintiffs should be sustained; and (2) that the fact that no record of the transaction appeared in the books of the commissioners did not preclude the plaintiffs from establishing the contract by other proof.

Argued March 11, 1908.  Appeal, No. 156, Oct. T., 1907, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1906, No. 73, on verdict for plaintiffs in case of L. S. Jacoby and S. A. Weishample, trading as Jacoby, Weishample & Biggin, v. Lehigh County.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER,. JJ.  Affirmed.

Assumpsit on a contract of employment.  Before TREX-LER, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $555.  Defendant appealed.

*Error assigned* was in entering judgment for the plaintiffs on the verdict, and in not entering judgment for defendant non obstante veredicto.

*Francis G. Lewis* and *Thos. F. Diefenderfer*, for appellants.— The commissioners did not meet and act as a board: Cooper v. Lampeter Twp., 8 Watts, 125; Somerset Twp. v. Parson, 105 Pa. 360; Penna. R. R. Co. v. Montgomery County Pass Ry. Co., 167 Pa. 62; Austin Mfg. Co. v. Ayr Twp., 24 Pa. Superior Ct. 91; Logan v. Rochester Twp., 21 Pa. Superior Ct. 113.

*Fred G. W. Runk*, with him *W. La Monte Gillette*, for appellee. —The appellants cite nothing but township and railroad cases as authority, and they have no application.  The law as to counties is as follows: " A contract made by county commissioners within the scope of their authority is binding on the county, although not made at their office.  Two commissioners have power to make a contract if made in their capacity as commissioners:" Jefferson County v. Slagle, 66 Pa. 202.

OPINION BY BEAVER, J., April 20, 1908:

The trial in the court below resulted in a verdict for plaintiffs, upon which, on a motion for judgment n. o. v., judgment was entered.

The only error assigned is the refusal of the court to enter

·judgment for the defendant n. o. v.   It is only necessary for us, therefore, to inquire whether or not there was evidence to go to the jury, upon which the verdict could be justified.

It is practically undisputed that the plaintiffs, who were architects, were summoned in some way to the commissioners' office of the county.   The commissioners were all present.   It was their regular meeting day.   In consequence of what transpired there, the plaintiffs prepared plans and specifications for a heat and power plant, from which the county buildings were intended to be heated, lighted and ventilated.   These plans were submitted to the commissioners and retained by them.   At the first meeting, the plaintiffs claim that they suggested a preliminary plan and that two of the commissioners gave specific directions for them to proceed with its preparation. The other commissioner, although present, said nothing.   A week thereafter, at a second regular meeting of the board of commissioners, a preliminary plan was submitted, and as claimed by the plaintiffs, the same two commissioners who had directed the preliminary plan to be prepared, authorized the preparation. of a detailed plan and specifications which could be submitted to bidders and that, in pursuance of their directions, the plans were so prepared after careful examination and measurements.

It is not denied, as we understand·the defendant's testimony, that the question of the erection of such a plant as was proposed had been discussed by them and that the plaintiffs were summoned for the purpose of giving expert advice in regard thereto.   One of the plaintiffs and a disinterested witness in their employ testified distinctly in the main as outlined above. If their testimony was believed, the jury had a basis of fact upon which to found their verdict.

Their testimony, in essential particulars, is denied by the commissioners.   It is to be remarked that the commissioner, who seemed to act as the principal spokesman of the board, was not called by the defendant as a witness.   One of the other commissioners, Shimer, who was called, had a very indistinct recollection of what did occur and was contradictory in his answers to the question as to whether or not he had been present

when the plaintiffs were consulted and submitted their plans. In answer to the question "You saw Mr. Jacoby there and you didn't see him there, you say, which is correct?" he said, "I say I remember seeing Mr. Jacoby there at one time and that is the time I said about no money being here and that I was against a thing of this kind." In answer to the subsequent question, on cross-examination, "If Messrs. Jacoby and Weishampel had presented a bill for $50.00, you would think the county should have paid for the services they had rendered?" he said, "Oh, I should think so." Guth, the other commissioner, while admitting that he saw plaintiffs in the office at different times and saw them at one time making measurements, said, in answer to the question by counsel for defendant, "Did you see that they were there sometimes?" "Yes, sometimes. I walked out and they talked all English and I am pretty hard of hearing and I did not concern myself."

The commissioner first mentioned was called by the plaintiffs on rebuttal. His recollection was different from that of the other two. His testimony also differed from that of the plaintiffs in some important particulars, denying that detailed plans and specifications had been regularly ordered by the commissioners. In the cross-examination of this witness, called by the plaintiffs, he testified: "Q. Now, but isn't it a fact that whatever directions were given as to preliminary plans or otherwise, you yourself told these people to do it? A. We all did; we all knew what was going on, Guth and Shimer, too. Q. Had you told them what was going on? A. Most undoubtedly I told them, for that they asked me and they knew it. Q. You never told them to make plans and specifications, but only a rough estimate? A. Yes, that is all, only a rough estimate."

It will thus be seen that the case was peculiarly one for a jury, provided upon a consideration of the whole case, there was anything to be submitted for its finding. This raises the question as to whether or not there had been such deliberation on the part of the commissioners and such an employment by the plaintiffs as authorized the furnishing of the plans and specifications, for which a recovery is here sought.

By the nineteenth section of the Act of April 15, 1834, P. L.

537, it is expressly provided that "Two of the commissioners aforesaid shall form a board for the transaction of business, and when convened in pursuance of notice or according to adjournment, shall be competent to perform all and singular the duties appertaining to the office of county commissioners."

There is testimony here from which the jury could have found that all of the commissioners were present, assenting to the arrangement to which the plaintiff's witnesses testified, and that two of them gave express directions in regard to the preparation of the plans and specifications. The commissioners, as appears from all the testimony, had consulted together in regard to the desirability of the establishment of a heating and lighting plant and had agreed that it was desirable, if the cost was not too great. .It became necessary, in order to ascertain the cost, to have at least a plan and estimate prepared. It is not difficult, even from the testimony of the commissioners, themselves, to determine that such a. plan and estimate were ordered by them, which were furnished by the plaintiffs.

In Jefferson County v. Slagle, 66 Pa. 202, it was held that "A contract made by county commissioners, within the scope of their authority, is binding on the county, although not made at their office," and that "Two commissioners have power to make a contract, if made in their capacity as commissioners."

Assuming that Guth, one of the commissioners, did not give specific directions nor assent to those which were given by the other two commissioners, as testified to by the plaintiffs, we think the case necessarily went to the jury upon all the testimony.

No entry of the transaction seems to have been made in the minutes kept by the clerk of the commissioners. It would have been more satisfactory, if such a minute had been made. The plaintiffs, however, had no control over this and it would be a dangerous doctrine to establish that, because the commissioners, for any reason, neglected to place upon their minutes the record of a contract which had been made by them, that no such contract could, therefore, be established by other proof.

Upon a consideration of the whole case, we think the court properly submitted it to the jury. There is no complaint as to

anything which occurred during the trial or as to the manner of its submission. The motion for judgment n. o. v. was, as we view it, properly refused.

Judgment affirmed.