## Jefferson County v. Rose Township, Appellant.

*Public officers—Presumption—Performance of duty—Township supervisors—Road law.*

1. A public officer is presumed to have performed his duty, in the absence of evidence to the contrary.

2. Township supervisors are public officers and the presumption is in favor of the correctness and regularity of their official acts.

3. Where township supervisors sign a contract with a county, relating to the cost of a road improvement, the county has a right to act on the presumption that the supervisors had acted in pursuance of proper corporate action on the part of the township.

4. The fact that the clerk had failed to keep a record of the proceedings of the supervisors, will not invalidate their action in authorizing the contract.

*Statutes—Repeal—Local acts—General acts—Road law—Townships—Acts of April 11, 1862, P. L. 488; April 12, 1905, P. L. 142, and July 14, 1917, P. L. 840.*

5. While it is a general rule that a local act will not be repealed by implication by a later general act, still where it is the purpose of the legislature to establish a uniform system as to the whole subject-matter of the former act, the local act will be repealed by the general act.

6. The local Act of April 11, 1862, P. L. 488, relating to roads in Rose Township, Jefferson County, is repealed by the general Act of April 12, 1905, P. L. 142.

7. If the Act of 1862 had not been repealed by the Act of 1905, it would have been repealed by the general township Act of July 14, 1917, P. L. 840.

*Road law—State highway—Agreement between township and county—Approval of State Highway Department—Acts of May 24, 1917, P. L. 291, and June 5, 1919, P. L. 395.*

8. Under the Acts of May 24, 1917, P. L. 291, and June 5, 1919, P. L. 395, if the state highway department approves, a township and a county may join in the improvement of a state highway on such terms as to expense, etc., as may be agreed upon.

Argued May 17, 1925. Appeal, No. 67, March T., 1925, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1924, No. 101, on verdict for plaintiff, in case of Jefferson County v. Rose Township, Jefferson County. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on written contract. Before CORBET, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff for $16,-402.16. Defendant appealed.

*Error assigned* was, inter alia, direction of verdict for plaintiff, quoting record.

*W. L. McCracken,* with him *Chas. J. Margiotti* and *W. M. Gillespie,* for appellant.—To bind any municipality, the contract must be entered into by the proper authorities, not as individuals but as a body acting in

an official capacity: Waymart Water Co. v. Waymart Boro., 4 Pa. Superior Ct. 211; School Dist. v. Fuess, 98 Pa. 600; Nason v. Poor Directors, 126 Pa. 445; Butler et al. v. School Dist., 149 Pa. 351; Mitchell v. Kearns, 16 Pa. Superior Ct. 357; Wachob v. School Dist., 8 Phila. 568; Pike County v. Rowland, 94 Pa. 236; Union Twp. v. Gibboney & Nelson, 94 Pa. 534; Am. Road Machine Co. v. Twp., 9 Pa. Superior Ct. 105; Rice v. Twp., 40 Pa. Superior Ct. 337.

One supervisor may bind the township by an act that is ministerial in its character: Dull v. Ridgway, 9 Pa. 272; Pottsville v. Twp., 14 Pa. 543. Not so, however, when the act is one that requires deliberation and the exercise of judgment: Cooper v. Twp., 8 Watts 125; Township v. Gibboney, 54 Pa. 534; Somerset Twp. v. Parson, 105 Pa. 360; Whitehead v. School Dist., 145 Pa. 418.

The special act was not repealed: Com. ex rel. v. Brown, 210 Pa. 29.

*Raymond E. Brown,* County Solicitor, for appellee.—There is always the presumption that official acts or duties have been performed properly: Vernon Township v. Gas Co., 256 Pa. 435; Pottsville Safe Deposit Bank v. Schuylkill Co., 190 Pa. 188; Murphy v. Chase, 103 Pa. 260; Smith v. Walker, 98 Pa. 133; Lackawanna Iron Co. v. Fales, 55 Pa. 90; Cronise v. Cronise, 54 Pa. 255; Houseman v. Nav. Co., 214 Pa. 552.

The act of the supervisors here involved, which was a culmination of all the negotiations that had preceded it, was ministerial in character, and not one that required deliberation, consultation and judgment. It was only a memorandum of a previously assumed obligation: Hughes v. Palmgren, 14 Pa. Dist. R. 503; Harshman v. Twp., 11 Pa. Superior Ct. 638.

The special act was repealed: Pollock v. Twp., 22 Pa. Dist. R. 879.

OPINION BY MR. JUSTICE WALLING, April, 13, 1925:

The defendant, Rose Township, is a subdivision of the plaintiff, Jefferson County. In 1919 the electors of the defendant township duly authorized an increase of its indebtedness in the sum of $21,700 for the construction and improvement of its public highways. Thereafter, on April 21, 1921, the defendant's supervisors, at a regular session, adopted a resolution petitioning the county for aid in the improvement of a designated part of State Highway No. 248 in said township, as authorized by the Act of June 12, 1919, P. L. 450. On May 23, 1921, the commissioners of Jefferson County, by a unanimous resolution, directed to the State Highway Department, agreed to pay seventy-five per cent of the expense of such improvement, the same to be made under the direction of said department. Later, in January, 1922, a contract was made between the State Highway Department and Jefferson County, providing, inter alia, for said improvement, by which the State was to pay the engineering, advertising and inspection expenses thereof. Then, in March, 1922, a contract was duly executed between plaintiff and Matthew Bros. Construction Company, inter alia, for making the improvement in question. During the same month a contract was made between plaintiff and defendant, with proper recitals, whereby the county agreed to pay three-fourths and the township one-fourth of the cost of the improvement. The latter contract was made in the name of the township and signed "Rose Township by S. J. McManigle C. D. Jones, Supervisors." The Construction Company completed its contract and was paid therefor by Jefferson County the sum of $58,818.12, on account of the improvement in question; to recover one-fourth thereof this action in assumpsit was brought against the township. The trial judge directed a verdict for plaintiff and from judgment entered thereon defendant has appealed.

We find no substantial merit in any of the assignments of error. County aid in making the improvement

was properly sought by the township and the resolution asking therefor purports to have been made at a regular session, is signed by "Wm. A. Green, C. D. Jones, Supervisors," and certified by the secretary; while the township's contract with the county above referred to is on its face properly executed. There was no denial that the resolution was adopted at a regular session or that the supervisors executed the contract for the township. No objection was interposed as to the authenticity of the documents, and there is a presumption, not challenged here by averment or proof, as to the regularity of corporate action. Such acts are presumed to have been rightly done.. "The presumption is that an officer performs his duty, and that his acts are regular and in conformity with the requirements of law. If the performance of any precedent act is necessary to the validity of his official act, there is a presumption in favor of his official act, which amounts to presumptive proof of the performance of the precedent act": Houseman v. Int. Navigation Co., 214 Pa. 552, 562, and cases there cited. "There is always a presumption that official acts or duties have been properly performed": 22 Corpus Juris, p. 130. Such presumption may be overcome by proof but none was offered here, hence, the trial judge properly admitted the resolution and contract in evidence. It was not necessary for the plaintiff in the first instance to go further and prove the deliberations, etc., of the supervisors: F. C. Austin Mfg. Co. v. Ayr, 31 Pa. Superior Ct. 356; Good Roads M. Co. v. Union Township, 34 Pa. Superior Ct. 538; Harshman v. Dunbar Township, 11 Pa. Superior Ct. 638. "Township supervisors are public officers and the presumption is in favor of the correctness and regularity of their official acts": Vernon Twp. et al. v. United N. Gas Co., 256 Pa. 435. As stated by the trial court, "The county had a right to act on the presumption that the supervisors had done what the law required."

While it is the duty of the town clerk or secretary to keep a record of the proceedings of the supervisors, the lack thereof will not invalidate their action: Machine Co. v. Allegheny Township, 10 Pa. Superior Ct. 437; Traction Co. v. Canal Co., 1 Pa. Superior Ct. 409; Jacoby v. Lehigh County, 36 Pa. Superior Ct. 194.

The local Act of April 11, 1862, P. L. 488, referring to the defendant township reads as follows: "That from and after the passage of this act, all taxes assessed and levied in Rose Township, Jefferson County, for road purposes, that is, for opening new roads, repairing old roads, repairing or building bridges, or cash tax to pay road debts, shall be used only for that part of the township where the taxables reside, who have to pay the same; and that Redbank Creek, in said township, shall be the division line for road purposes aforesaid." This act was interposed as a defense to plaintiff's claim; but we agree with the trial court that it had been repealed by subsequent legislation. We are aware that repeals by implication are not favored and that as a general rule a local act will not be repealed by a subsequent general one, although the provisions are different: Com. ex rel. v. Brown, 210 Pa. 29; Com. ex rel. Schrier v. Ruggles et al., 280 Pa. 571; Com. v. Railroad, 164 Pa. 252; Malloy v. Reinhard, 115 Pa. 25. But to that general rule there are exceptions. Chief Justice MITCHELL, speaking for the court, in Com. v. Brown, supra, p. 39, says, "Where the clear general intent of the legislature is to establish a uniform and mandatory system as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed." And in Johnston's Est., 33 Pa. 511, 515, it is stated that, "A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former": see also Murdoch v. Biery et al., 269 Pa. 577, 579; Davi-

son v. Erie et al., 274 Pa. 523; 36 Cyc. 1079. Defendant is a township of the second class and the trial court properly held the general Act of April 12, 1905, P. L. 142, relating to road supervisors, their election, duties, etc., in townships of the second class, and repealing all laws, general, local or special inconsistent therewith or supplied thereby, repealed the said Act of 1862. In December, 1905, Honorable Hampton L. Carson, as attorney general of Pennsylvania, gave a written opinion to the highway department (15 Pa. District Reports 641), that the Act of 1905 created a uniform system for the control of public highways in such townships and repealed all local or special laws applicable thereto, citing Com. ex rel. v. Macferron, 152 Pa. 244. The Act of July 14, 1917, P. L. 840, "Concerning townships, and revising, amending, and consolidating the law relating thereto," covers the entire field and would be effective to repeal the above cited local Act of 1862 had it not been repealed by the Act of 1905. True, the act last named was expressly repealed by the Act of 1917 (P. L. 977), but section 3 of article I thereof contains a clause as follows: "The repeal by this act of any act of assembly or part thereof shall not revive any act or part thereof heretofore repealed or superseded, nor affect the existence or class of any township heretofore created." The local Act of 1862, like many other local acts, is entirely out of harmony with modern legislation relating to highways and cannot stand; what effect, if any, it would have on the instant case, if still in force, we need not determine.

Where the highway department approves, the right of a township and county to join in the improvement of a state highway on such terms as to expense, etc., as may be agreed upon, is expressly authorized by Acts of May 24, 1917, P. L. 291, and of June 5, 1919, P. L. 395.

The assignments of error are overruled and the judgment is affirmed.