G. N. Chalfant, Appellant, *v.* A. H. Edwards, W. B. Cathcart, R. W. Thompson, J. H. Cook, John W. Greist and S. W. Jefferis, Directors of Lincoln Sub-School District in the City of Pittsburg.

| 176 | 67 |
| 201 | 403 |
| 176 | 67 |
| 26 SC | 228 |
| 176 | 67 |
| e210 | 37 |
| 176 | 67 |
| 31 SC | 535 |
| 176 | 67 |
| f219 | 81 |

*Statutes—Repeal of statutes—General and special laws.*

A general law will not operate to repeal a previous local act without some words indicative of such an intention; but when it is the duty of the legislature to change an existing system because of some constitutional provision on the subject, and a law is passed for this purpose introducing a new system which is general in its terms and evidently intended to provide a uniform system for all subjects to which it relates, no repealing words are necessary.

*School laws—Statutes—Acts of February* 12, 1869, *and April* 20, 1874.

The sixty-sixth section of the act of February 12, 1869, P. L. 150, enti-

tled " An act consolidating the wards of the city of Pittsburg for educational purposes," limiting the indebtedness of the sub-school districts of Pittsburg was repealed by the act of April 20, 1874, P. L. 65.

Hutchinson's Appeal, 4 Pennypacker, 84, is overruled so far as it relates to this question.

Argued May 14, 1896.    Appeal, No. 96, Oct. Term, 1896, by plaintiff, from decree of C. P. No. 2, Allegheny County, Jan. T., 1895, No. 134, dismissing bill in equity.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity for an injunction to restrain an issue of bonds. The bill averred :

1. That plaintiff is a resident taxpayer and owner of real estate in that portion of the 21st ward known as the Lincoln Sub-School district, and that the ward was divided into two districts under the provisions of the act of assembly of May 12, 1869, consolidating the wards of the city of Pittsburg for educational purposes.

2. That the defendants named are the duly elected directors of said sub-school district.

3. That the directors, alleging that the school accommodations in said district were wholly inadequate, applied to the court of common pleas No. 2, of Allegheny county, for leave to borrow money for school purposes, and that the court upon consideration authorized said directors to borrow not more than fifty thousand dollars ($50,000) at a rate of interest not exceeding 4½ per cent and to issue bonds for that purpose as provided by law.

4. That the said proposed loan would increase the bonded indebtedness of said school district beyond the limit allowed by law, the present indebtedness being $37,000, with a sinking fund of five thousand dollars ($5,000).

5. That the complainant is advised that the said Lincoln Sub-School district has now no legal existence, by reason of the passage of an act of assembly approved July 3, 1895, P. L. 603, entitled, " An act repealing an act consolidating the wards of the city of Pittsburg for educational purposes, approved February 19, 1855;" and also repealing an act entitled "An act consolidating the wards of the city of Pittsburg for educational purposes, approved February 12, 1869."

And averring also that the proposed issue and sale of bonds is without authority of law.

6. That the issue of said bonds will result in illegally incumbering the property of the school district, increasing the taxes, and being in derogation of his rights as a taxpayer.

Complainant prayed for an injunction restraining the sale and delivery of the bonds, and for a decree declaring the bonds illegal and void.

An answer was filed denying plaintiff's right to equitable relief. The court in an opinion by WHITE, J., dismissed the bill.

*Error assigned* was decree dismissing bill.

*George N. Chalfant* and *Shiras & Dickey*, for appellant.—A general affirmative statute will not repeal a previous particular statute upon the same subject, though the provisions of the former be different from those of the latter : Bell v. Allegheny Co., 149 Pa. 381; Rymer v. Luzerne County, 142 Pa. 108; Morrison v. Fayette Co., 127 Pa. 110; Murdock's Petition, 149 Pa. 341; Erie v. Bootz, 72 Pa. 196; Shinn v. Com., 3 Grant, 205; Egypt Street, 2 Grant, 455.

*J. McF. Carpenter*, for appellee.—The act of 1869 was repealed by the act of 1874: Murdock's Petition, 149 Pa. 341; Johnston's Est., 33 Pa. 511; Contested Election of Martz, 110 Pa. 502; Act of March 22, 1865, P. L. 580; Act of May 8, 1887, P. L. 118; Best v. Baumgardner, 122 Pa. 17; Quinn v. Cumberland Co., 162 Pa. 56; Act of May 11, 1893, P. L. 44; Howard's App., 162 Pa. 374; Bruce v. Pittsburg, 166 Pa. 152; Industrial School Dist. v. Whitehead, 2 Beas. N. J. Chancery, 290; Bowyer v. Camden, 50 N. J. L. 87; Haynes v. Cape May, 52 N. J. L. 180; Vreeland v. Jersey City, 54 N. J. L. 50; People v. Jaehne, 103 N. Y. 182.

OPINION BY Mr. JUSTICE WILLIAMS, May 28, 1896 :

This appeal depends upon whether the several ward or subschool districts in the city of Pittsburg are within the operation of the act of 1874. By a local law passed in 1869 the powers of these ward districts were modified in some particulars. That act declared the city to be an "independent school district,"

and named the ward districts "sub-districts." This act did not create new districts or new boards of school directors, but slightly changed the names of districts that had an existence under the common school law. The purchase and sale of real estate and personal property for the use of the schools of the so-called sub-districts remained in the boards of school directors for the several wards just as it had been before. They continued to hold the exclusive control of the property of the proper district. They had the power, just as before, to buy or build suitable buildings for use as schoolhouses, to levy all school and building taxes, to borrow money and to do all such acts as school directors were authorized by the general school law to do, in the districts of the commonwealth. They fall, for all legal and practical purposes, into the class of officers described by the general law as school directors, and are within the provisions and bound by the directions of the laws regulating the powers and duties of such officers. The act of 1869 fixed their relation to the board of education for the city, and for certain purposes relating to the conduct of the schools subjected them to the supervision of that board; but it did not change their powers as school directors except by imposing an arbitrary limitation upon their power to borrow money. But since the local law of 1869 was passed a new constitution has been adopted in this state. It deals with the subject of the power of school districts and all municipal and quasi municipal bodies to borrow money, and limits that power by declaring that the debt of such bodies shall not exceed a certain proportion to the last adjusted valuation of the property of the district taxable for the payment of such debt. The act of 1874 passed immediately after the adoption of the constitution, and for the purpose of carrying this and other provisions of that instrument into operation, introduces a new and uniform system. It follows the constitutional provision in the limitation it imposes on the power of all the bodies to which it relates to borrow money, and prescribes the manner in which they shall proceed to contract or to increase their indebtedness within the limits fixed. This act supersedes the methods and the limits theretofore existing in different portions of the state, and substitutes its own provisions for them. This was the legislative intent, and this we think was the legal effect of the constitutional provision and the legislation under it.

We do not disturb the general rule. Ordinarily it is true that a general law will not operate to repeal a previous local act without some words indicative of such an intention. But when it is the duty of the legislature to change an existing system because of some constitutional provision on the subject, and a law is passed for this purpose introducing a new system which is general in its terms and evidently intended to provide a uniform system for all subjects to which it relates, no repealing words are necessary. This doctrine has been recognized in many cases. Among them we may mention Best v. Baumgardner, 122 Pa. 17; Quinn's Appeal, 162 Pa. 56; Howard's Appeal, 162 Pa. 374, and Bruce v. Pittsburg, 166 Pa. 152. Hutchinson's Appeal, 4 Pennypacker, 84, relied on by the appellant, has not been followed, and to avoid all doubt about the subject it is now distinctly overruled, so far as it relates to this question. The assignments of error are overruled and the decree of the court below is affirmed. The costs of this appeal to be paid by the appellant.