## Harrisburg *v.* Harrisburg Gas Company, Appellant.

*Taxation—Cities of the third class—Corporations—Statutes—Repeal— Acts of March 19, 1860, P. L. 175, April 22, 1868, P. L. 1136, May 23, 1874, P. L. 230, and May 23, 1889, P. L. 277.*

The local Acts of March 19, 1860, P. L. 175, and April 22, 1868, P. L. 1136, authorizing the city of Harrisburg to impose taxation on corporations for city purposes, are repealed by the Acts of May 23, 1874, P. L. 230, and May 23, 1889, P. L. 277, which provided for the creation of cities of the third class, and for a complete system of taxation therein.

Argued March 12, 1905. Appeal, No. 11, March T., 1905, by defendant, from judgment of C. P. Dauphin Co., No. 171, Mechanics' Lien Docket No. 1, for plaintiff on case stated in suit of City of Harrisburg v. Harrisburg Gas Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Case stated to determine the validity of a tax. Before WEISS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*A. C. Stamm,* with him *M. E. Olmstead,* for appellant.—It is a general and well-understood principle that a statute is impliedly repealed by a subsequent one revising the subject-matter of the first; and this rule is applicable where the earlier law is local and the later general, or where the later act has to do with the classification of the subjects covered by it, or is a complete revision of an earlier classification act: Nusser v. Com.,

25 Pa. 126; Quinn v. Cumberland County, 162 Pa. 55; Com. v. Macferron, 152 Pa. 244; Com. v. Wunch, 167 Pa. 186; Com. v. Brown, 210 Pa. 29; Bruce v. Pittsburg, 166 Pa. 152; Best v. Baumgardner, 122 Pa. 17; Johnston's Est., 33 Pa. 511; Com. v. Lloyd, 2 Pa. Superior Ct. 6; Jadwin v. Hurley, 10 Pa. Superior Ct. 104; Bartlet v. King, 12 Mass. 536; Daviess v. Fairbairn, 44 U. S. 636.

*Daniel S. Seitz,* city solicitor, for appellee.—To repeal a statute by implication there must be such a repugnancy between the provisions of the new law and the old that they cannot stand together or be consistently reconciled: City of Harrisburg v. Sheck, 104 Pa. 53; Brown v. Commissioners, 21 Pa. 37; Erie v. Bootz, 72 Pa. 196; Wright v. Vickers, 81 Pa. 122; Malloy v. Com., 115 Pa. 25; Murdock's Petition, 149 Pa. 341; Commonwealth v. Railroad Co., 164 Pa. 252; Seaman v. Borough of Washington, 172 Pa. 467; In re Barber's Election, 86 Pa. 392; Evans v. Phillipi, 117 Pa. 226; Bell v. Allegheny County, 149 Pa. 381; Frederick Street, 150 Pa. 202; Com. v. Brown, 210 Pa. 29; Nissley v. Lancaster County, 27 Pa. Superior Ct. 405.

OPINION BY PORTER, J., October 5, 1906:

The case stated presents but one question: whether the city of Harrisburg, a city of the third class, has the power to tax for general revenue purposes the real estate of the Harrisburg Gas Company, a duly organized public corporation, authorized under its charter to manufacture gas for heating and illuminating purposes, and supply the same to the public in said city; said property being used by the gas company exclusively in its business of manufacturing and supplying gas to the public in the city of Harrisburg, as authorized by its charter, and necessary and indispensable to the exercise by the company of its franchise and the discharge of the public duty imposed by its charter.

The Act of March 19, 1860, P. L. 175, incorporating the city of Harrisburg, in section 24 provides for the election of an assessor by the qualified voters of each ward of the city, the manner in which property subject to taxation shall be assessed, and "That the assessors, in making such assessment of

property in the City of Harrisburg, shall assess all the property which is now by law subject to taxation for borough purposes in the said Borough of Harrisburg, and shall also assess for taxation, for city purposes, the real estate of all incorporated companies within the limits of the said city, except the real estate of the Pennslyvania Railroad Company, the Harrisburg & Lancaster Railroad Company, the Cumberland Valley Railroad Company, the Reading Railroad Company, and the several cemeteries, together with the buildings thereon erected." The charter of the city was amended, and its taxing power increased by the Act of April 22, 1868, P. L. 1136, which contained the following provisions: "That all real estate situated in said city, owned or possessed by any corporation, except religious and educational corporations, shall be and is hereby made subject to taxation for city purposes, the same as other property in said city; any law or laws contrary to or inconsistent with this section are hereby repealed. That the city councils are hereby empowered to levy, assess and collect for the use of the city, an annual tax, not exceeding one-third of one mill per dollar on the average quarterly business of all insurance companies, insurance agencies, express and telegraph companies, or other agencies or corporations doing business in said city, which do not now pay city tax." The above-recited provisions of the statutes are very clear and comprehensive, and, unless they have been repealed by later legislation, the real estate of the appellant company is by them rendered subject to taxation: Pennsylvania Railroad Company v. Pittsburg, 104 Pa. 522; Philadelphia v. Philadelphia Traction Company, 206 Pa. 35. The city of Harrisburg duly accepted the provisions of the Act of May 23, 1874, P. L. 230, entitled, "An act dividing cities of this state into three classes . . . . and providing for the incorporation and government of cities of the third class," in the manner provided by section 57 of said statute; and the governor of the commonwealth, on August 25, 1874, duly certified the surrender of the former charter of the city and the acceptance of the provisions of the act of 1874. The city of Harrisburg is, therefore, a city of the third class, and subject to the provisions of the Act of May 23, 1874, P. L. 230, and the Act of May 23, 1889, P. L. 277, entitled, "An act providing for the incorporation and government of cities of the third

class." The question is whether these statutes, relating to the classification of cities and the government of cities of the third class, repeal the local and special provisions relating to taxation contained in the act of 1860 and the act of 1868, above recited, conferring peculiar powers of taxation upon the city of Harrisburg.

The act of 1874, in dealing with the taxing power of cities of the third class, authorized such cities, in clause 1 of section 20, "to levy and collect taxes for general revenue purposes, not to exceed ten mills on the dollar, in any one year, on all the real, personal and mixed property within the limits of said cities, taxable according to the laws of the state of Pennsylvania, the valuation of such property to be taken from the assessed valuation of the taxable property therein made under the provisions of law regulating the same." This statute did not designate the property which should be subject to taxation, nor provide for the manner in which the valuation of that property should be assessed; the property subject to taxation, the mode in which the assessors should be chosen and the manner in which their duty should be discharged were left to be determined under the laws already in force in the several cities, respectively. This statute was, however, inconsistent with the acts of 1860 and 1868 in that it fixed the limit of the levy in any one year at ten mills, no such limitation being found in the earlier statutes, and further, in that, in section 36, it provided a new and entirely different manner of collecting taxes. The act of 1874 provided that the powers of cities of the third class "shall be and remain as now provided by law, except where otherwise provided by this act." It is not asserted that the city has attempted to levy taxes to exceed ten mills on the dollar in any one year upon the property of the appellant, and if the power of the city to levy a tax upon the real estate of the corporation has been taken away, it must be because of a later statute.

The Act of May 23, 1889, P. L. 277, provided a complete system of taxation for cities of the third class, designated the property and occupations which should be subject to tax, enacted that the assessors who should fix the valuation of such property should be chosen by the qualified electors of the city, not of the several wards, ordained the manner in which such assessors

should discharge their duties, created a board to hear and de-
termine appeals from such assessments, designated the officer
to whom taxes should be paid, provided a manner for enforcing
payment, and fixed penalties for failure to pay the tax after it
became due.   The system thus provided is from beginning to
end inconsistent with that which was authorized by the local
acts of 1860 and 1868, applicable to the city of Harrisburg alone.
The provision which is material to the present inquiry is that
which designates the property which shall be subject to tax.
The act of 1889 authorized and empowered cities of the third
class " to levy and collect taxes for general revenue purposes,
not to exceed ten mills on the dollar in any one year, on all
persons, real, personal and mixed property within the limits of
said city, taxable according to the laws of the state of Pennsyl-
vania for county purposes ; the valuation of such property to
be assessed as hereinafter provided." The statute also au-
thorized the collection of a tax, upon the same property, for the
purpose of paying interest on bonded indebtedness and for the
payment of loans to support the government and make the
necessary improvements in said city, and it also authorized
the imposition of a poll tax not to exceed $1.00 and a license
tax not exceeding $100 annually upon certain businesses and
occupations.   The real estate which under this act is subject
to be taxed for city purposes, by a city of the third class, is such
as is taxable for county purposes.   This provision is inconsist-
ent with the provisions of the acts of 1860 and 1868, which
authorized the city of Harrisburg to levy taxes upon property
which had been subject to taxation " for borough purposes in
the borough of Harrisburg," and upon the real estate of cor-
porations located within said city.   The act of 1889 provided
that " All acts or parts of acts inconsistent herewith, or sup-
plied by the provisions hereof, be and the same are hereby re-
pealed."

The parties have expressly agreed in the case stated that the
real estate of the Harrisburg Gas Company, which the city
seeks to tax, is not taxable according to the laws of the state
of Pennsylvania for county purposes ; that this agreement but
states the law is well settled : Bridge Company v. Frailey,
13 S. & R. 422 ; Schuylkill Navigation Company v. Berks
County, 11 Pa. 202 ; Wayne County v. Canal Company, 15 Pa.

351; West Chester Gas Company v. County of Chester, 30 Pa. 232; Coatesville Gas Company v. County of Chester, 97 Pa. 476; Southern Electric Light and Power Company v. Phila-. delphia, 191 Pa. 170; People's Passenger Railway Company v. Taylor, 22 Pa. Superior Ct. 156; Philadelphia v. Electric Traction Company, 208 Pa. 157; Railway Company v. Venango County, 5 Pa. Superior Ct. 304. Real estate held and used as is that of the appellant would not be taxable for city purposes, under the provisions of the act of 1889, in any city of the third class in the commonwealth other than Harrisburg. The legislature of the commonwealth, in the act of 1889, defined and limited the powers of cities of the third class for purposes of taxation, and the special provisions of the acts of 1860 and 1868 are inconsistent with and repugnant to the provisions of the later statute.

Chief Justice MITCHELL, in Commonwealth v. Brown, 210 Pa. 29, in dealing with the question of the repeal of a local and special act by a later general statute, after a painstaking review of the authorities, thus summarizes his conclusion : " First, the rule that a general statute does not repeal by implication a local act with different or inconsistent provisions, is still the prevailing rule. Secondly, but the rule being founded on a presumption of legislative intent, will not apply when a contrary intent is clearly apparent. Thirdly, where the clear general intent of the legislature is to establish a uniform and mandatory system as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed. Fourthly, where an act is passed to carry into effect a mandatory general provision of the, constitution, the presumption must be that it was intended to repeal even local acts inconsistent with its terms." The learned chief justice says, in the same opinion, " What these cases decided and are authority for, is that as the legislative intent in the classification of municipalities is apparent, to make a uniform system and framework of government, public officers, powers and duties in each class, the presumption is that as to such matters, local acts must give way to the general act of classification whenever they conflict." When the legislative intention to provide a uniform system for all subjects to which it relates clearly appears, no repealing words are necessary: Chalfant v. Edwards, 176 Pa. 67; Quinn v.

Cumberland County, 162 Pa. 55. This case is squarely ruled by Commonwealth ex rel. McKirdy v. Macferron, Treasurer of Allegheny County, 152 Pa. 244. The city of Allegheny had not accepted the provisions of the act of 1874 and had continued to be governed under its special charter and laws, until 1890, when because of increase in population it became a city of the second class, and it no longer had the option to continue its old form of government, but must pass into and be governed by the laws relating to cities of the second class. Among the local and special laws by which it had been governed under its old charter was a complete taxing system which, like that of the city of Harrisburg, was somewhat peculiar. The relator in that case attempted to pay his taxes in the old manner, the city treasurer refused to accept the tax, and McKirdy, the relator, proceeded by mandamus. The case reached the Supreme Court and is reported as above cited, and it was held, "It is clear, therefore, that in order to adjust itself to the class into which it has come, this city must leave its old system behind it, and take on that which the law has prescribed for it as a member of the second class. This is rendered still more apparent when we remember that the power to levy and collect taxes is one of the 'corporate powers' which the classification acts have undertaken to regulate ; and that the officers through whom such levy and collection are made, are 'corporate officers,' whose powers and duties are defined and adjusted by the same acts. If no provision for the levy and collection of taxes in cities of the second class had been made, the system previously in existence in such cities would have remained undisturbed under the express declaration of the first section of the act of 1874 ; but to the extent to which the law has regulated the exercise of the taxing power, or modified the powers and duties, of the officers through whom it is exercised, to that extent the old system is superseded by the new." Mr. Justice WILLIAMS, who spoke for the Supreme Court in Commonwealth v. Macferron, thus states the rule : "Whenever, therefore, any law regulating the municipal affairs of cities of a given class shall be found to conflict with a previous local statute applicable to any member of the class relating to the same subject, the latter must give way by reason of the nature and purposes of class legislation. In this manner existing diversities will grad-

ually disappear, and uniformity throughout the class will be finally secured."

The power to levy and collect taxes is one of the corporate powers of cities of the third class which the classification acts have undertaken to regulate; the act of 1889 provides a complete system for the levy and collection of taxes in cities of the third class, and as the local acts relating to the city of Harrisburg come into conflict with that statute, " the latter must give way by reason of the nature and purposes of class legislation." The local acts, authorizing the city to impose taxes upon the real estate in question, having been superseded by the classification acts, the city was without authority to impose the taxes which are the subject of this litigation.

The judgment of the court below is reversed and judgment is now entered for the defendant, with costs.