# BALDOMERO RAMIREZ

*v.*

# PONCE RAILWAY & LIGHT COMPANY.

---

Ponce, Law, No. 257.

1. The act of Congress (the original national employers' liability act) of June 11, 1906, 34 Stat. at L. 232, chap. 3073, U. S. Comp. Stat. Supp.

V. Porto Rico—23.

Ramirez v. Ponce R. & L. Co.

1909, p. 1148, as well as the act of Congress (the second national employers' liability act) of April 22, 1908, 35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171, are both in force in Porto Rico, the first being superseded by the second as to "common carriers by railroad." Colón v. Ponce & G. R. Co. 3 Porto Rico Fed. Rep. 367, disapproved, and Cortejo v. American R. Co. 2 Porto Rico Fed. Rep. 389, followed.

2. It has been repeatedly held that the words "railroad" and "railway" are used interchangeably and regarded as synonymous, and would be held to apply to both steam railroads and street railroads, unless there appears from the title of the act, its purpose, or context, something to indicate that a particular kind of road is intended. Philadelphia v. Philadelphia Traction Co. 206 Pa. 35, 55 Atl. 762; 33 Cyc. Law & Proc. pp. 33, 34.

3. Only in cases where the party for whose benefit recovery is had, under the national employers' liability act, is the next of kin, is it required that such person must be dependent upon such employee.

4. Such a suit must be brought by the personal representative of the deceased.

Opinion, overruling demurrer, filed February 12, 1910.

———

*Mr. W. Vincent Robbins,* attorney **for the plaintiff.**

*Mr. H. P. Leake,* attorney for the **defendant.**

Rodey, Judge, delivered the following opinion:

This is an action for damages laid in the sum of $15,000 by plaintiff, who alleges himself to be the father of the late Miguel Ramirez, and hence, as he alleges, under the law of Porto Rico, he is the personal representative of his said late son. It is brought against the Ponce Railway & Light Company, which owns and conducts the street car system between the city of Ponce and its playa, Porto Rico. It is brought for alleged

negligence which resulted in the death of plaintiff's said son, who was at the time about nineteen years of age, and was killed in an accident on the street car line on the 19th day of April, 1909. Plaintiff alleges that he greatly depended upon his said son for subsistence and support, and that deceased was unmarried and without issue at the time of his death, and was in good sound bodily health and of good earning capacity at the time of the injury; that deceased was employed as a motorman by the defendant on one of its cars on its said line, and that, without fault on his part, was crushed between the couplings of the trolley car and a coal car on said line, owing, as plaintiff alleges, to the negligence, default, and wrongful act of the defendant and its then servants, etc.

The complaint was originally filed December 20, 1909, but on January 4, 1910, a demurrer was interposed. At the time of the argument on the issue thus raised, counsel for plaintiff took leave to amend, and the hearing then ended. An amended complaint was filed January 8, 1910, and four days later it was again demurred to, but in a much more amplified form. The issue thus raised is the one that is before us.

Counsel for plaintiff insists that the suit is filed under the original national employers' liability act of June 11, 1906, 34 Stat. at L. 232, chap. 3073, U. S. Comp. Stat. Supp. 1909, p. 1148, but insists that this makes no difference, as the cause of action lies quite as well under the act of April 22, 1908, which applies only to railroads, and he insists that the defendant is a common carrier by railroad. The grounds of the demurrer are: (1) That the act of Congress in question is unconstitutional. (2) That it does not apply to Porto Rico. (3) That it does not apply to the defendant company in Porto Rico.

Ramirez v. Ponce R. & L. Co.

(4) That it has been superseded by the national employers' liability act of April 22, 1908, 35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171, which by its terms only applies to railroads, and said act does not apply to street car companies such as defendant.    (5) That both of said national employers' liability acts only provide for compensatory damages, and that the sum of $15,000 asked for in the complaint is excessive, in view of the fact that deceased was nineteen years of age and only earning motorman's wages, and would attain his majority in two years.    And (6) because the complaint fails to state that deceased was the sole support of plaintiff, etc.

In this court, during the last three years or more, we have had our own share of the difficulty the courts of the nation have found regarding the construction and effect of the national employers' liability acts, and that difficulty does not seem to have diminished.    In that regard, we are, at this writing, confronted by about as serious a condition as we were at the beginning.

When the original act was passed by Congress on June 11, 1906, it became a question whether the language of § 1 thereof, "That every common carrier engaged in trade or commerce in the District of Columbia or in any territory of the United States," included Porto Rico.    However, on September 4th of that year, in so far as this court is concerned, we settled that question in favor of the applicability of the law here, by holding in Peck S. S. Line v. New York & P. R. S. S. Co. 2 Porto Rico Fed. Rep. 109, that "Porto Rico is substantially a territory of the United States," at least for jurisdictional purposes, and within the purview of the act of Congress (§ 8, "Foraker law," 31 Stat. at L. 79, chap. 191) giving force in the island to all national acts not locally inapplicable.    We followed

Ramirez v. Ponce R. & L. Co.

this general holding in several subsequent decisions that will be found in vols. 3, 4, and 5 Port Rico Fed. Rep. In this view of the law, we feel we have been sustained by the Supreme Court of the United States in New York ex rel. Kopel v. Bingham, 211 U. S. 468, 53 L. ed. 286, 29 Sup. Ct. Rep. 190, where it was held that "Porto Rico, although not a territory incorporated into the United States, is a completely organized territory."

Here, in Porto Rico, as elsewhere in the nation, shortly after the passage of the original employers' liability act, supra, we found it confronted with attacks as to its constitutionality, but from the best information we could get, we came to the conclusion that even though it might be unconstitutional as to the states, it was not subject to that objection in the territories. See Cortejo v. American R. Co. 2 Porto Rico Fed. Rep. 389, where we considered the question at some length. We now perceive that it would have been well for us, had we persisted in that view. We did not then have the case before us, but we learned that there was a case pending before the court of appeals of the District of Columbia, wherein the court took the view that the national employers' liability act was constitutional as to the District of Columbia and the territories. We have since ascertained that this case was that of Hyde v. Southern R. Co. 31 App. D. C. 466. Then, on January 6, 1908, the Supreme Court of the United States, in the Employers' Liability Cases (Howard v. Illinois C. R. Co.) 207 U. S. 463, 52 L. ed. 297, 28 Sup. Ct. Rep. 141 (by a divided court), held the act unconstitutional, but did not in and by its opinion necessarily and specifically decide that it was unconstitutional in the District of Columbia or the territories. About a month later, on February 15, 1908, the question again came before us in

Colón v. Ponce & G. R. Co. 3 Porto Rico Fed. Rep. 367, and the question of the unconstitutionality of the act in the territories as well as in the states was so forcibly urged by counsel as that, in the light of the action of the Supreme Court of the United States in the Employers' Liability Cases, supra, we were reluctantly induced to reverse our previous ruling in the Cortejo Case, and hold that the act was in fact also unconstitutional in the territories. About two months later, on April 22, 1908, Congress enacted the second, and somewhat restricted, national employers' liability act, 35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171. It by its terms only applies to common carriers by railroad in the territories, and thus the question arose as to whether this later voice of Congress superseded the original act, wholly or only partially, in the territories. Then, on November 15, 1909, came the decision of the Supreme Court of the United States in El Paso & N. E. R. Co. v. Gutierrez (215 U. S. 87, 54 L. ed. —, 30 Sup. Ct. Rep. 21), wherein it was held that the original national employers' liability act was in fact constitutional as to the territories, and that the court itself in its opinion in the Employers' Liability Cases had not, as was urged by counsel in the Gutierrez Case, foreclosed that question.

But even now we are confronted with another difficulty. The Supreme Court of the United States, because the same was not necessary,—and of course the court never decides anything that is not before it,—did not point out in the opinion in the Gutierrez Case to what extent the second national employers' liability act had superseded the first one in the territories, because the case it was then considering had arisen before the second act had been passed. However, as the second act pro-

vides in § 8 thereof, in substance, that it shall not be held to limit the duty or liability of common carriers or to impair the rights of their employees under any other act or acts of Congress, etc., we are constrained to hold that the second national employers' liability act, as to the territories only, superseded the first one as to "common carriers by railroad." This holding, of course, is simply following a well-known rule of statutory construction, that it is not necessary to cite authority for.

Therefore, we are constrained to hold that both national employers' liability acts are in force in Porto Rico,—the first one being superseded only as to common carriers by railroad by the second. The complaint alleges that the defendant is a corporation organized and existing under the laws of the state of New Jersey, and that it is the owner of and conducts a certain electric railroad, etc., and is a common carrier of freight and passengers between the playa and city of Ponce. It has been repeatedly held that the words "railroad" and "railway" are used interchangeably and regarded as synonymous, and will be held to apply to both steam railroads and street railroads, unless there appears from the title of the act, its purpose, or context, something to indicate that a particular kind of road is intended. See Philadelphia v. Philadelphia Traction Co. 206 Pa. 35, 55 Atl. 762, 33 Cyc. Law & Proc. pp. 33, 34, and cases cited and notes. Of course, it was the intention of Congress to include street railroads or street car companies in the original act, because it applies in terms to "every common carrier engaged in trade or commerce," but, under the holding we are here making, that act is superseded by the subsequent one as to "every common carrier by railroad," and, as shown above, we think a street car line in the sense of this second

act is a railroad.    In this view we are, we believe, sustained by
the opinion of the Supreme Court of the United States in the
Gutierrez Case, supra.

As to the point made by the demurrer, that the amount of
damages claimed is excessive and more than compensatory,
we do not think it necessary to pass upon that at this time, be-
cause it can be governed by an instruction to the jury at the
time of the trial.

The point made that the complaint fails to state that deceased
was the sole support of plaintiff is not, in our opinion, under
either of the acts referred to, well taken.    The language of
both of the liability acts makes no reference to support as a
ground for right of recovery, save when the party for whose
benefit the recovery is had is the next of kin; in which case,
it is required that such person must be dependent upon such
employee.    However, we do not think it necessary to pass upon
this point at this time, because that can in like manner be gov-
erned by an instruction, should the case go to the jury.

The only remaining point, therefore, is that the suit is not
brought by the legally constituted personal representative of
the deceased.    This we think is a pretty serious contention.
·Both of the liability acts specifically provide that the defend-
ant "shall be liable in damages to any person suffering injury
while he·is employed by such carrier," etc., "or, in case of the
death of such employee, to his or her personal representative,
for the benefit of the surviving widow or husband and children
of such employee; and, if none, then of such employee's par-
ents; and, if none, then of the next of kin dependent upon
such employee," etc.    These liability acts, as also practically
every liability act in every state of the Union, are almost

invariably to some extent copied from or founded upon what has become known in England and America as Lord Campbell's act, and, under that famous act, the right of action is expressly conferred upon the personal representative of the deceased. It has been held that such action must be brought in the name of such representative for the benefit of the parties named in the statute. See 8 Am. & Eng. Enc. Law, p. 898, notes and cases cited.

Therefore, wo do not think that the allegation of the amended complaint that plaintiff is the father and only heir of the deceased, Miguel Ramirez, and that the latter died unmarried and without issue, is in and of itself authorization for plaintiff to go to trial in this case; but, on the other hand, we do not think, especially as the one-year statute under the first liability act, and the two-year statute of limitation under the second, have not yet expired, that we ought to go to the extent which it is said the court went in Hall v. Louisville & N. R. Co. 157 Fed. 464, to dismiss the action and force the bringing of a new suit. In our opinion it will be sufficient.if, at the time of the trial, plaintiff shows that he is in fact the legally appointed personal representative of the deceased under the act, and that he was so appointed before the statute of limitations he is suing under has expired.

For the reasons stated, the demurrer will be overruled, and an order to that effect will be entered.