## Baltimore & Philadelphia Steamboat Co.'s Appeal.

Argued December 5, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Thomas Raeburn White,* of *White, Parry, Schnader & Maris,* with him *John Cadwalader, Jr.,* for appellant.— The real estate of a public or quasi public corporation, essential to the exercise of its corporate franchises, is not subject to local taxation in the absence of legislative authority imposing such taxes: Conoy Twp. v. Elec. P. Plant, 222 Pa. 319.

The wharf property of appellant which has been assessed for local taxation is necessary for the exercise of its corporate franchises.

Appellant is a public or quasi public corporation within the meaning of the Pennsylvania decisions exempting real estate of such companies from local taxation: Conoy Twp. v. Power Plant Co., 222 Pa. 319; Chester City v. Shipping Co., 3 Pa. D. & C. 632.

*Theodore F. Jenkins,* with him *Augustus Trask Ashton,* City Solicitor, *G. Coe Farrier* and *Mayne R. Longstreth,* Assistant City Solicitors, for appellees.—Ever since the Act of April 29, 1844, section 32, all wharves within the County of Philadelphia have been taxed though owned and used by quasi public corporations.

Long usage is an important element in construing a statute: Piper v. Singer, 4 S. & R. 354; R. R. & Coal Co. v. Huntingdon Co., 90 Pa. Superior Ct. 170; Schuylkill Co. v. Gas Co., 148 Pa. 162; Allegheny Co. v. Diamond Market, 123 Pa. 164; Adams Express Co. v. Harrisburg, 254 Pa. 443; P. & L. E. R. R. v. County, 283 Pa. 220.

The Act of April 8, 1868, P. L. 755, recognizes wharves as the subject of sale, but the title of the Commonwealth in the bed of the river is not disturbed: Phila. v. Com., 284 Pa. 225; P. R. R. v. Pittsburgh, 104 Pa. 522; Phila. v. P. R. T., 206 Pa. 35.

Appellant is neither a public nor quasi public corporation: Schuylkill Co. v. Gas Co., 148 Pa. 162, 163; Allegheny Co. v. Diamond Market, 123 Pa. 164.

OPINION BY MR. JUSTICE WALLING, January 5, 1931:

This appeal by the Baltimore & Philadelphia Steamboat Company, a Maryland corporation, is from the judgment of the lower court holding it liable for city and school taxes on its wharf in the Delaware River at Philadelphia. The wharf is of the width of eighty feet and extends into the river a distance of five hundred and

fifty-eight feet and its assessed value is $103,000. The property is known as Pier 3, South Delaware Avenue, and is essential to the conduct of defendant's business as a carrier of passengers and freight. Appellant paid city and school taxes on this property for very many years down to 1928, when it secured from the Pennsylvania Public Service Commission a certificate of public convenience as a common carrier on the Delaware River between Philadelphia and Chester, both in this State. Thereupon, it claimed exemption on the ground that it paid a capital stock tax and was therefore exempt from local taxation. It is settled, by a multitude of authorities (of which Conoy Twp. v. York Haven Co., 222 Pa. 319, is typical), that "The real estate of a public or quasi public corporation, essential to the exercise of its corporate franchises, is not subject to local taxation in the absence of legislative authority imposing such taxes."

From an examination of the relevant statutes and decisions, it appears, however, that the trial court properly rejected this contention. For, assuming that appellant is a quasi public corporation, like a railroad company, and as such prima facie entitled to exemption from local taxation (Schuylkill Co. v. Citizens Gas Co., 148 Pa. 162), it cannot claim this exemption here, because the legislature may and in this instance has expressly authorized the tax. That it may in a sense be double taxation is true and while an intent to so impose will never be implied, the legislature has as much right to levy a double as a single tax (Pittsburgh, Fort Wayne & Chicago Ry. Co. v. Com., 66 Pa. 73), whenever, as here, it has shown a plain intent to do so. This intent is manifest in the statutes as follows, viz: Section 32 of the Act of April 29, 1844, P. L. 486-497, is, inter alia, "And whereas, It is necessary that provision be made for the payment of the interest upon the state debt; therefore, be it further enacted, that from and after the passage of this act, all real estate, to wit: Houses, lands,

lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves,......shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all state and county purposes whatsoever." While the Act of August 25, 1864, P. L. 1030, is: "That the select and common councils, of the City of Philadelphia, shall have the power to levy a tax for municipal purposes, on all subjects of taxation, specified by the thirty-second section of the Act of April twenty-ninth, one thousand eight hundred and forty-four, and to provide, by ordinance, a system for the assessment thereof, and for the collection of taxes thereon." Relating to school taxes, section 525 of the School Code of May 18, 1911, P. L. 309, 337, provides: "In all school districts of the first class in this Commonwealth, the school taxes shall be levied and assessed upon the same property as that upon which the municipal taxes of the municipality comprising such school district of the first class [of which Philadelphia is one] are levied and assessed." The legislation above quoted is clear and authorizes the imposition of the taxes here complained of.

Section 3 of the Act of January 4, 1859, P. L. 828, provides: "That all real estate situated in said city [Pittsburgh], owned or possessed by any railroad company, shall be and is hereby made subject to taxation for said purposes the same as other real estate in said city." Thereunder, it was held, in P. R. R. Co. v. Pittsburgh, 104 Pa. 522, that the passenger stations and other real estate of a railroad company necessary to the exercise of its corporate powers were taxable for city purposes and that the company's liability for a capital stock tax was no defense. The case holds (page 540), that: "The power, however, of the legislature to make it [stations and other necessary real estate] subject to taxation as real estate, cannot be successfully denied.

The taxing power in this Commonwealth is vested absolutely in the legislature, and when not prohibited by the Constitution, it is limited in the exercise of that power by its discretion only. It may tax every species of property permanently within the limits of this State, not exempt by the Constitution thereof, or by the Constitution and laws of the United States. Whatever power it possesses it may delegate to a municipal government, to be legitimately exercised within its corporate limits." The case just cited is reaffirmed in Phila. v. Traction Co., 206 Pa. 35, and rules the instant case. See also Appeal of Wm. H. Brown, 111 Pa. 72; Adams Exp. Co. v. Harrisburg, 254 Pa. 443. The Pittsburgh Case was stronger in favor of the exemption, as a railroad company is clothed with the power of eminent domain and the charter powers are necessary to its operation; whereas, appellant's charter as a navigation company confers upon it practically no rights not possessed by an individual or partnership. The legislature may, as above stated, delegate the power of taxation to the municipal authorities as its agents: Minsinger v. Rau, 236 Pa. 327, 342; Butler's App., 73 Pa. 448.

The certificate of public convenience from the public service commission might authorize its traffic between the cities and protect it from undue competition, but adds nothing else to its charter powers and does not protect its wharf from local taxation. It may be worthy of note that the Act of April 17, 1889, P. L. 35, authorizing foreign navigation corporations to hold real estate in this Commonwealth, expressly provides that such real estate shall not be exempt from local taxation.

We will not now consider the remote possibility of the sale of the wharf for taxes. See Pittsburgh & L. E. R. R. v. Allegheny Co., 283 Pa. 220. Nor is it necessary here to decide whether appellant is in fact a quasi public corporation, for, assuming it is, the tax is lawful.

The judgment is affirmed at the cost of appellant.